[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by Counsel and proceeded on the plaintiff's amended complaint dated November 8, 1994.
Having heard the evidence, the Court finds that the plaintiff, whose maiden name was Balcolm, and the defendant were married in Alexandria, Virginia, on December 23, 1991;
that the plaintiff resided in the State of Connecticut for a period of twelve months next preceding the date of the filing of this complaint;
that there are no minor children issue of this marriage
and that the child, Amy Elizabeth Cable, born October 29, 1994, is not an issue of the marriage; that Ray Skeens, sworn affidavit (See Plaintiff's Exhibit A), acknowledged that he is the father of said child;
that the marriage has broken down irretrievably, and there is no hope of reconciliation and that neither party is presently receiving any state or municipal assistance. CT Page 12838
The Court further finds that the marriage lasted approximately two years until the plaintiff left the defendant some time during November of 1993; that no physical violence was involved in the marriage breakdown; that the marriage breakdown was the result of the incompatibility of the parties; that the plaintiff was employed during the marriage on a part time and full-time basis; and
that for at least a period of eleven months, financially contributed more to the marriage than did the defendant, in addition to her other responsibilities as a homemaker.
Further, the court finds that the defendant totally destroyed plaintiff's 1987 Hyundai Excel; that no insurance proceeds were available to pay the damages, that the defendant purchased for the plaintiff a 1987 Nissan Sentra at a cost of $2,000;
that the defendant took the Nissan Sentra from the plaintiff for about six weeks, that plaintiff paid $1,058.92 for car rental during said period, that when the plaintiff obtained possession of the Sentra the compact disc player, speakers and compact discs had been removed from the Sentra, and that the plaintiff charged the defendant's account $486.59 (see Defendant Exhibit 1) for repairs to the Sentra.
The Court further finds that the defendant had to store items of furniture and personal belongings of the, parties after the housing was vacated, that the cost of the storage was $110 a month for approximately seven months and $125 a month for six months, that the cost of storage due to some of plaintiff's possessions was $15 per month for seven months and $17 for six months; that some of plaintiff's property is still in storage;
that the cleaning bill for cleaning the premises occupied by the parties was $150; and that the plaintiff incurred telephone bills on defendant's account totalling $66.11.
The defendant requests that the plaintiff pay 45 percent of the debts of the defendant. However, the defendant failed to introduce any credible evidence to rebut plaintiff's claim the defendant's debts, except as noted above, were for defendant's personal pleasures. Further, defendant seeks payment from plaintiff for a portion of the storage charges and the telephone CT Page 12839 bills.
On the other hand, plaintiff seeks payment of the car rental bill, replacement of the compact disc player, speakers and discs, and denies any responsibility for defendant's debt.
Neither party seeks alimony from the other. The defendant is in the military service, and the plaintiff has been steadily employed.
After considering the evidence and my findings in light of the factors in General Statutes §§ 46b-81 and 46b-82, judgment may enter dissolving the parties' marriage on the ground of irretrievable breakdown.
It is further ordered that:
(1) Neither party shall be entitled to alimony.
(2) The plaintiff shall pay to the defendant the sum of $486.59, which is the debt she incurred with Lee Myles for her automobile, (See Defendant's Exhibit 1); the sum of $75, being one half of the cleaning expenses; $66.11 on the MCI account, and the sum of $207, her share of the storage cost to the present day. Hereafter, she shall pay to the defendant $17 per month until she removes her items of personal property from the storage unless the defendant refuses to cooperate with her in so doing. If the defendant fails to allow the plaintiff to remove said articles within fifteen days after plaintiff's written request to do so, her obligation to pay storage shall cease.
(3) The plaintiff shall return to the defendant the military ID card and the sticker on her military Nissan Sentra.
(4) The plaintiff shall pay her own Sears, Roebuck 
Company debt.
(5) The defendant shall pay the balance of all his personal obligations which are reflected in Defendant's Exhibits 1 through 8 and hold the plaintiff harmless from any claims made against her on said debts.
(6) The defendant shall pay to the plaintiff the sum of $1,558, for the car rental and sound equipment. CT Page 12840
(7) The defendant shall keep and own the 1988 Mercury Cougar; his SGLI life insurance policy and his Navy Federal Credit Union Checking and Savings accounts.
(8) Based upon the above paragraphs 2 and 6, the defendant shall pay the plaintiff the net amount of $723.30 on before April 1, 1995.
(9) The plaintiff shall cooperate, if necessary, with the defendant to have his name removed from the birth certificate of the child, Amy.
(10) Each party shall pay their own attorney's fees.
Vasington, J. State Trial Referee